■ The People of the State of New York, Respondent, v Lonnie Quinitchett, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 11, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and sentencing him to an indeterminate term of 6 to 12 years' imprisonment.

Ordered that the judgment is affirmed.

The defendant's primary argument is that his oral motion to withdraw his plea of guilty, made at the time of sentencing, should have been granted on the basis that the prosecution had failed to fulfill a promise which had been made to induce him to enter his plea. The defendant claims that his plea was induced by the prosecution's promise to recommend a sentence of an indeterminate term of *less* than 6 to 12 years' imprisonment in return for his providing assistance in an allegedly ongoing police investigation. However, the record contains no evidence of any such promise. The prosecutor's remark, made at the time of the plea, that the recommendation of 6 to 12 years' imprisonment was "subject to be reevaluated" does not constitute such a promise. Furthermore, there is no evidence in the present record which would permit us to conclude that the defendant was in fact willing, or for that matter able, to provide useful assistance in any ongoing investigation; thus, even if the prosecution *had* promised to make a sentencing concession in return for the defendant's cooperation, there would have been no need to fulfill such a promise, since there is nothing to prove that the defendant in fact cooperated.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.